**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AEGIS SECURITY INSURANCE CO.,** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action No. 1:06-CV-540** |
| | : | |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **CONTRACT DEWATERING** | : | |
| **SERVICES, INC.,** | : | |
| **CLEVELAND BROTHERS** | : | |
| **EQUIPMENT CO., INC.,** | : | |
| **HANSON AGGREGATES** | : | |
| **NEW YORK, INC.,** | : | |
| **LAWSON SAND & GRAVEL, INC.,** | : | |
| **KIRK VAN DORN, individually and** | : | |
| **t/d/b/a VAN DORN TRUCKING,** | : | |
| **FRED RAKOSKA,** | : | |
| **RON CRAVER,** | : | |
| **GEORGE McKERROW, and** | : | |
| **ERIC McKERROW,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

On March 15, 2006, Plaintiff commenced the instant interpleader action pursuant to 28

U.S.C. § 1335. According to the averments set forth in the complaint, on September 22, 2004,

Plaintiff, as Surety, issued Payment Bond No. B10 005 777 ("Payment Bond") on behalf of

Environmental Construction Group, LLC, as Contractor/Principal, on a construction project for

Norfolk Southern Railway Company, as Owner, to install a drainage ditch in Portageville, New

York. (Compl. ¶ 14.) According to the terms of the Payment Bond, Plaintiff bound itself to pay

for labor, materials, and equipment furnished in the performance of the construction contract.

(Id. ¶ 15.) Plaintiff has represented that the amount of the Payment Bond is $168,109, and that

Plaintiff's total obligation under the Payment Bond shall not exceed that amount. (Id. ¶¶ 16-17.)

As described more fully in the Complaint, the above-named Defendants have submitted to

Plaintiff written claims against the Payment Bond in the aggregate amount of approximately

$350,000 and therefore substantially exceed the total amount of the Payment Bond.  (Id. ¶¶ 18,

20.)  In addition, Plaintiff has represented that on September 15, 2005, Defendant Hanson

Associates commenced a legal proceeding against the Payment Bond in the Supreme Court of

the State of New York, in which Hanson Associates has demanded judgment against Plaintiff in

the amount of $59,708.54.  (Id. ¶ 17.)  Plaintiff represents that it is unable to determine the

respective interests of the Defendants in the proceeds of the Payment Bond, and claims to have

no other adequate remedy at law other than resorting to the equitable powers of this Court under

28 U.S.C. § 1335.

Plaintiff has moved for entry of an order (1) authorizing Plaintiff to deposit $168,109.00

– the full amount of the Payment Bond – into the Registry of this Court pursuant to 28 U.S.C. §

1335(a) and (2) enjoining the named Defendants from initiating or prosecuting any proceeding in

any State or United States court affecting Plaintiff's surety obligations under the Payment Bond

pursuant to 28 U.S.C. § 2361.  All Defendants have been served with the complaint and motions

before the Court, and no Defendant has responded to the motions.[1]  For the reasons that briefly

follow, Plaintiff's motions will be granted.

## A.      Jurisdiction and Venue

Section 1335(a) of Title 28 of the United States Code provides that district courts shall

have original jurisdiction over any civil action in interpleader:

> . . . filed by any . . . corporation having in . . . its custody or possession
> money or property of the value of $500 or more, or having issued a . . .

---

[1]      Plaintiff has filed with the Court waivers of service executed by the named
Defendants.  (Doc. Nos. 9-17.)

> bond . . . of . . . value or amount of $500 or more . . . if (1) [t]wo or more
> adverse claimants of diverse citizenship . . . are claiming or may claim to
> be entitled to such money or property, or to any one or more of the
> benefits arising by virtue of any . . . bond . . . or arising by virtue of any such
> obligation; and if (2) the plaintiff has deposited such money or property or
> has paid the amount of . . . such instrument or the amount due under such
> obligation into the registry of the court, there to abide the judgment of the
> court . . . .

28 U.S.C. § 1335.  The statute "is a remedial device which enables two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action. . . . It relieves the stakeholder from determining at his peril the merits of competing claims and shields him from the prospect of multiple liability; it gives the claimant who ultimately prevails ready access to the disputed fund."  NYLife Distributors, Inc. v. The Adherence Group, Inc., 72 F.3d 371, 374 (3d Cir. 1995) (citations omitted).

Plaintiff has represented, and no Defendant has contested, that there exists the minimal required diversity of citizenship between two or more claimants to the Payment Bond and the Defendants are asserting adverse claims to the proceeds of the Payment Bond, which exceeds $500.  Additionally, Plaintiff is seeking authority to deposit the entire amount of the Payment Bond with the Registry of this Court, and Plaintiff's motion to deposit the proceeds of the Payment Bond will be granted.  Accordingly, the Court finds that it may properly exercise jurisdiction over this action in interpleader pursuant to 28 U.S.C. § 1335.

The Court also finds that venue is proper in this district pursuant to 28 U.S.C. § 1397, which provides that any civil action in interpleader brought pursuant to 28 U.S.C. § 1335 may be brought in the judicial district in which one or more of the claimants resides.  28 U.S.C. § 1397. Plaintiff has represented that Defendant Cleveland Brothers Equipment Co., Inc., maintains its principal place of business in Harrisburg, Pennsylvania, which is within this judicial district.

Accordingly, the Court finds that venue in this district is proper.

**B.    Preliminary Injunction**

Section 2361 of Title 28 of the United States Code authorizes district courts to enter preliminary and permanent injunctions restraining claimants from instituting or prosecuting legal proceedings in state or federal courts affecting the <u>res</u> at issue in an interpleader action:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court . . . .  Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.  Notice and hearing prior to issuance of a preliminary injunction to enjoin other state or federal court proceedings are not required by 28 U.S.C. § 2361.  <u>Star Ins. Co. v. Cedar Valley Express, LLC</u>, 273 F. Supp. 2d 38, 42 (D.D.C. 2002) (noting that a preliminary injunction may be issued under 28 U.S.C. § 2361 without notice to the putative defendants in the action at the same time as a summons is issued by the district court); <u>see also</u> Fed. R. Civ. P. 65(e) (providing that Rule 65 does not modify 28 U.S.C. § 2361).

The United States Supreme Court has noted that the purpose and effect of statutory interpleader is to confine the litigation over the proceeds of a fund or other <u>res</u> to a single forum and proceeding

> where a stakeholder, faced with rival claims to the fund itself, acknowledges – or denies – his liability to one or the other of the claimants . . . . In this situation, the fund itself is the target of the claimants.  It marks the outer limits of the controversy. It is, therefore, reasonable and sensible that interpleader, in discharge of its office to protect the fund, should also protect

4

the stakeholder from vexatious and multiple litigation.

State Farm & Cas. Co. v. Tashire, 386 U.S. 523, 534 (1967) (footnote omitted).  Interpleader

actions are properly invoked in cases where a party is exposed to multiple claims relating to a

single obligation, and wishes to obtain an adjudication of those claims in a single proceeding,

and under 28 U.S.C. § 2361, Congress has granted to district courts the power to grant injunctive

relief in furtherance of this objective.  See NYLife Distributors, Inc., 72 F.3d at 381-82 (noting

that "the interpleader statute is remedial, aimed at assisting a party who fears the vexation of

defending multiple claims to a fund . . . by providing him the opportunity to satisfy his obligation

in a single proceeding" and also recognizing that by enacting 28 U.S.C. § 2361 Congress gave

district courts the power to order injunctive relief, "even grant[ing] them injunctive authority

over state courts, thereby exempting statutory interpleader actions from the proscriptions of the

Anti-Injunction Act").

Upon consideration of Plaintiff's representations regarding the multiple claims to the

proceeds of the Payment Bond, and the fact that at least one claimant has initiated an action in

state court to enforce its claim to the proceeds, and finding that no claimant has, to date, opposed

Plaintiff's interpleader action and concomitant request for preliminary injunctive relief, the Court

finds that such injunctive relief is appropriate under 28 U.S.C. § 2361.  Accordingly, the Court

will enter a preliminary injunction to enjoin the named Defendants from commencing or

prosecuting any action in any state or federal district court affecting Plaintiff's surety obligations

under the Payment Bond until further order of this Court.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AEGIS SECURITY INSURANCE CO.,** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action No. 1:06-CV-540** |

|  | : |  |
| --- | --- | --- |
| **v.** | : |  |
|  | : | **(Judge Kane)** |
| **CONTRACT DEWATERING** | : |  |
| **SERVICES, INC.,** | : |  |
| **CLEVELAND BROTHERS** | : |  |
| **EQUIPMENT CO., INC.,** | : |  |
| **HANSON AGGREGATES** | : |  |
| **NEW YORK, INC.,** | : |  |
| **LAWSON SAND & GRAVEL, INC.,** | : |  |
| **KIRK VAN DORN, individually and** | : |  |
| **t/d/b/a VAN DORN TRUCKING,** | : |  |
| **FRED RAKOSKA,** | : |  |
| **RON CRAVER,** | : |  |
| **GEORGE McKERROW, and** | : |  |
| **ERIC McKERROW,** | : |  |
|  | : |  |
| **Defendants** | : |  |

## ORDER

AND NOW, this 4th day of May, 2006, upon careful consideration of Plaintiff's Motion to Deposit Funds into the Registry of the Court (Doc. No. 3) and Motion for a Preliminary Injunction (Doc. No. 2), and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Deposit Funds into the Registry of the Court is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction is **GRANTED**; and it is

**FURTHER ORDERED** that all Defendants named in this action are hereby **ENJOINED** from instituting and prosecuting any action in any state or federal district court affecting Plaintiff's surety obligations under Payment Bond No. B10 005 777 until further order of this Court

**FURTHER ORDERED** that Plaintiff shall deposit into the registry of the Court funds in the amount of $168,109 representing the full amount of Payment Bond No. B10 005 777 issued

by Plaintiff to Environmental Construction Group, LLC; and it is

**FURTHER ORDERED** that the Clerk of Court shall receive and invest these funds so that interest may accrue, for ultimate disposition by further order of this Court; and it is

**FURTHER ORDERED** that Plaintiff shall serve a copy of this Order on all Defendants named in this action.


                                    __S/ Yvette Kane_____
                                    Yvette Kane
                                    United States District Judge